NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY ALGAIER; DEBRA EDDY, | No. 15-35895 |
| Plaintiffs-Appellants, | D.C. No. 2:13-cv-00380-TOR |
| v. | |
| BANK OF AMERICA, N.A., a national bank doing business in Washington state; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation doing business in Washington state, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Timothy Algaier and Debra Eddy appeal pro se from the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment in their diversity action alleging state law claims related to an alleged loan modification. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on plaintiffs' breach of contract claim because plaintiffs failed to raise a genuine dispute of material fact as to whether a contract was formed regarding credits or whether Bank of America breached the loan agreement. *See Lehrer v. State, Dep't of Soc. & Health Servs.*, 5 P.3d 722, 727 (Wash. Ct. App. 2000) (setting forth elements of breach of contract claim under Washington law).

The district court properly granted summary judgment on plaintiffs' promissory estoppel claim because plaintiffs failed to raise a genuine dispute of material fact as to whether the alleged oral promise satisfied the statute of frauds. *See Greaves v. Med. Imaging Sys., Inc.*, 879 P.2d 276, 283 (Wash. 1994) (concluding that oral contract was unenforceable under theory of promissory estoppel because it failed to satisfy the statute of frauds' writing requirement).

The district court properly granted summary judgment on plaintiffs' fraud claim because plaintiffs failed to raise a genuine dispute of material fact as to whether plaintiffs reasonably relied on a misrepresentation by Bank of America. *See Elcon Const., Inc. v. E. Wash. Univ.*, 273 P.3d 965, 970 (Wash. 2012) (setting

15-35895

forth elements of fraud claim under Washington law).

The district court did not abuse its discretion in denying plaintiffs' motion to strike defendants' declarations because the declarations were made with personal knowledge. *See* Fed. R. Civ. P. 56(c)(4) (requiring that a declaration be made on personal knowledge); *see also Hambleton Bros. Lumber Co. v. BalkinEnters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (setting forth standard of review for a motion to strike).

The district court did not abuse its discretion by granting defendants' motion to strike plaintiffs' submissions because the untimely disclosures were not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1) (providing for exclusion of evidence if a party fails to comply with Fed. R. Civ. P. Rule 26(a) unless the failure was substantially justified or is harmless); *see also Hambleton Bros. Lumber Co.*, 397 F.3d at 1224 n.4 (setting forth standard of review for a motion to strike).

We reject as unsupported by the record plaintiffs' contentions regarding the district court's evidentiary findings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**